IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVIS L. GRIMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:16-cv-2276 |
| v. ) | JUDGE TRAUGER |
| ) | |
| SOUTHWEST AIRLINES CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the court are a Report and Recommendation of the Magistrate Judge (Docket No. 68) and Objections filed by the Plaintiff (Docket No. 69).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. For the reasons stated herein, the Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Defendant's Motion for Summary Judgment (Docket No. 59) will be granted, and this action will be dismissed.

Plaintiff Grimes filed this action against his employer, Defendant Southwest Airlines, alleging discrimination in violation of the Age Discrimination Employment Act ("ADEA") and the Americans with Disability Act ("ADA"). Plaintiff contends that, on August 8, 2009, he suffered an on-the-job injury to his left knee and took a twelve week leave of absence with full pay, pursuant to the Collective Bargaining Agreement ("CBA") with Southwest. Plaintiff alleges that, at the end of that twelve-week period, he underwent a functional capacity evaluation ("FCE") and was released by his doctor to return to limited duty at work. Plaintiff believed he was eligible to return to work pursuant

to Defendant's "Transitional Duty Guidelines," which provide for a six- to eight-week period of work assignments at full pay for temporarily injured employees who are expected to return to work without limitation. Plaintiff alleges that Defendant refused to allow him to return to work, on transitional duty or otherwise. After further investigation with the medical providers, on April 8, 2010, Defendant allowed Plaintiff to return to his job at his full rate of pay. Defendant also paid Plaintiff his full rate of pay for the eleven-week period from January 21, 2010, to the date he returned to work. Plaintiff filed an EEOC charge and then this lawsuit,[1] contending that Defendant's refusal to allow him to return to work on a transitional basis was based upon his age and his disability.

The Magistrate Judge has recommended that Defendant's Motion for Summary Judgment be granted because Plaintiff has not shown that he was either replaced by a person significantly younger or treated differently than similarly-situated individuals who were significantly younger.[2] Although Plaintiff alleges that six Southwest employees are younger than he is and were treated more favorably when they returned to work from injuries, the Magistrate Judge found that Plaintiff had failed to support these allegations with admissible evidence, as required by Fed. R. Civ. P. 56. "Plaintiff has not provided affidavits or other sworn declarations from any of the six other Southwest employees," and the factual statements made by Plaintiff about these employees "are unsworn and unsupported by an affidavit and, thus, cannot be considered as evidence." Docket No. 68 at 11.

Plaintiff objects to this finding, arguing that the evidence and exhibits he presented to the court are the same evidence and exhibits that Defendant filed with the court. Plaintiff does not point to, and

---

[1] For some unexplained reason, the EEOC did not issue a right-to-sue letter until December 17, 2015.

[2] This factor must be established in order to prove a *prima facie* case of age discrimination. *Lewis v. City of Detroit*, 702 F. App'x 274, 280 (6th Cir. 2017) (citing *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003).

2

the court does not find, however, any evidence submitted by Defendant concerning the six allegedly younger employees. Moreover, unlike Plaintiff's submissions, the exhibits that Defendant submitted were properly authenticated (*see* Docket No. 60 and exhibits attached thereto).[3]

Most of Plaintiff's objections involve his own opinions and explanations about the medical evidence[4] and alleged comments by co-employees, which are hearsay. Plaintiff concludes that the Magistrate Judge "does not and cannot demonstrate that Plaintiffs' (sic) claims were frivolous, unreasonable, or groundless." Docket No. 69 at 7. The standard for determining a motion for summary judgment does not require a finding that a plaintiff's claims were frivolous, unreasonable or groundless.

In addition, as the Magistrate Judge noted, even if Plaintiff had established, with proper supporting evidence, that these six younger employees were treated differently and had established a *prima facie* case, Defendant has articulated a legitimate, nondiscriminatory reason for its actions.[5] Because of the ambiguous nature of Plaintiff's November 2009 Work Status Report, Defendant needed clarification concerning Plaintiff's work restrictions before allowing him to return to work. That concern is reasonable. Once that clarification (that Plaintiff no longer had any lifting restrictions that

---

[3] Plaintiff has filed, with his Objections, a copy of a medical record from Star Physical Therapy that is unauthenticated. Docket No. 69 at 10.

[4] Plaintiff states: "On page two at the bottom of the page OF THE Defendant REPORT AND RECOMMENDATION the attorney is insinuating that the FCE never taken place." Docket No. 69 at 3. The Report and Recommendation is not a filing of the Defendant or Defendant's attorney; it is a recommendation submitted by the Magistrate Judge.

[5] If a plaintiff is able to establish a *prima facie* case of age discrimination, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for any adverse employment action. *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). If the defendant provides a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show that the reason given by the defendant was just a pretext for decisions actually motivated by unlawful bias against age. Id.

were permanent) was obtained, Defendant allowed Plaintiff to return to work and then retroactively paid him his full pay from the date of the doctor's clarification. Plaintiff has not shown that Defendant's reason was pretext. More importantly, Plaintiff has not shown, other than by his own subjective beliefs, that any action by Defendant was because of Plaintiff's age. Nothing in Plaintiff's Objections changes that result.[6]

It is unclear from Plaintiff's Objections that he is objecting to anything further concerning his disability claim. Even assuming that Plaintiff had properly supported a *prima facie* disability claim, however, Plaintiff has not sufficiently met his burden of showing that Defendant's legitimate, non-discriminatory reason was a pretext for disability discrimination.

The Magistrate Judge also recommended that Plaintiff's retaliation and hostile work environment claims be dismissed for failure to exhaust administrative remedies. Plaintiff's only objection to this portion of the Report and Recommendation is his filing of an unauthenticated picture which appears to be a noose hanging on a locker. Docket No. 60 at 20.

## CONCLUSION

For these reasons, Plaintiff's Objections are overruled, and the Report and Recommendation of the Magistrate Judge is adopted and approved. Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

ENTER this 13th day of March 2018.

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[6] The court agrees with the Magistrate Judge that Defendant's slowness in addressing the matter and lack of meaningful communication with Plaintiff was unfortunate. Nothing about those actions, however, establishes age or disability discrimination.

4